Everette P. Reeves and Diane Reeves v. Commissioner.
Reeves v. Commissioner
Docket No. 3773-63.
United States Tax Court
T.C. Memo 1965-226; 1965 Tax Ct. Memo LEXIS 104; 24 T.C.M. (CCH) 1152; T.C.M. (RIA) 65226; August 20, 1965
*104 Daniel J. Reidy, Prima Plaza Bldg., Tucson, Ariz., for the petitioners. Eugene H. Ciranni, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined deficiencies in petitioners' income tax for the years 1959 and 1960 in the amounts of $821.57 and $810.61, respectively. The only issue is whether petitioners properly excluded from their income per diem allowances to Everette P. Reeves during the years in question. Findings of Fact Some of the facts are stipulated and they are found accordingly. Petitioners were husband and wife during the years in question and they filed their joint income tax returns for the years 1959 and 1960 with the district director's office in St. Louis, Missouri. In 1958 Everette P. Reeves, who is an electronic instrumentation technician, was living with his wife and two children in their home in St. Louis. He was employed at the St. Louis plant of McDonnell Aircraft Corporation. On October 16, 1958, Everette who will be called petitioner, was assigned by his company to travel to Alamogordo, New Mexico, for a special field assignment at the Air Force Missile Development Center, which *105 is the Holloman Air Force Base. Petitioner departed St. Louis with his wife and two children on or about November 4, 1958 by a private automobile and rented pull-trailer, with their personal possessions for Holloman Air Force Base, New Mexico. Petitioner rented motel quarters upon his arrival at Holloman Air Force Base and subsequently rented a house on a monthly basis in which he lived with his family during the two years he remained in New Mexico. Petitioner maintained a checking account in a local bank in Alamogordo, New Mexico, and he allowed his St. Louis bank account to remain dormant. Petitioner and his wife both registered to vote on August 4, 1960, and did vote in Alamogordo, New Mexico, in the 1960 presidential election. While petitioner remained in Alamogordo, New Mexico, he retained ownership of his St. Louis home which he rented to a friend. Petitioner filed resident Missouri state income tax returns for 1959 and 1960 in which he reported his rental income from his St. Louis house and (in 1960) one-month salary income. Petitioner filed a nonresident New Mexico state income tax return for 1959 in New Mexico in which he reported his salary income and also the income *106 of his wife who held various jobs while they lived in New Mexico. Petitioner was ordered by his employer to work at Holloman Air Force Base on the GAM-72 test project. The GAM-72 test project had been conducted by petitioner's employer at Holloman Air Force Base since 1955. Among other persons who had been ordered to work on the same project by petitioner's employer are Leo C. Cockrell and William M. Kalist, both of whom have been involved in Tax Court litigation which is reported at , and in (June 28, 1962), respectively. Petitioner's duties at Holloman Air Force Base were extended by his employer on August 19, 1959. Petitioner's special field duties were further extended on two subsequent occasions, requiring him to remain at Holloman Air Force Base until December 31, 1960, in order to complete the project upon which he had been working. On November 21, 1960, petitioner returned to his home in St. Louis. The following is a copy of a supplementary stipulation of facts which the parties filed in this case: The parties stipulate to all of those facts found by the Tax Court in the case of , *107 relating to (a) The internal operations and control procedures of the McDonnell Aircraft Corporation; (b) The operations carried on by McDonnell Aircraft Corporation at Holloman Air Force Base during the period from 1955 to 1960; and (c) The contractual relationships between the United States Air Force and the McDonnell Aircraft Corporation during the period from 1955 to 1960. Specifically, it is intended that the parties stipulate to all of those facts found by the Tax Court in the case of which are found in the following pages and paragraphs of Volume 38 of the Tax Court of the United States Reports: (d) Page 471 - Entire page except the first paragraph thereof. (e) Page 472 - Entire page. (f) Page 473 - Entire page. (g) Page 474 - Top half of page, ending with the words "… and G.A.M.-72 contracts." Opinion This case is ruled by what we held in , affd. . This case is not distinguishable from that case or , and , affirming Memorandum Opinions *108 of this Court. These are all cases brought by petitioner's fellow workmen at McDonnell Aircraft Corporation in St. Louis, where they were paid per diem living allowances during the periods they were assigned to the Holloman Air Force Base in New Mexico. We held the per diem living allowances were properly classified as income and the employees were not entitled to deductions for traveling expenses. There are some minor variations in the facts that are unimportant. Petitioner's assignment in New Mexico lasted two years while the assignments of Cockrell, Filler and Kalist lasted longer. For the reasons stated in the above cited cases, we sustain respondent's determination. Other issues raised by the petition have been abandoned. Decision will be entered for the respondent.